FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 1 3 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JEFFREY BENJAMIN,                                  Civil Action No:

         Plaintiff,                              **COMPLAINT &**
                                                **JURY DEMAND**

    -against-                                  **CV10-0133**

AFNI, INC.,                                        **IRIZARRY, J.**

         Defendant.                              **BLOOM, M.J.**
-----------------------------------------------------------------X

## INTRODUCTION

1.   This action is brought by Plaintiff JEFFREY BENJAMIN, pro se, for *inter alia*, actual and statutory damages that the conduct of the Defendants violated the Fair Credit Reporting Act Act 15 U.S.C. §1681, et seq. and the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.

## JURISDICTION

2.   Jurisdiction of this court arises under 15 U.S.C. §1681p as well as 28 U.S.C. §1331. Venue is proper in this district as all relevant events took place in this District. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

## PARTIES

3.   Plaintiff is an individual who, at all relevant times, resides in the City of Forest Hills, Queens County, New York.

4.   Defendant AFNI, INC. ("AFNI") is a foreign business corporation with offices located in Bloomington, Illinois and is duly chartered to do business in the state of New York.

## FACTS

5.  In April, 2009, plaintiff applied for financial credit with Citibank. On or around April 30, 2009, plaintiff was informed that he was denied said credit because his credit report "contains collection(s), charge off(s), or repossession(s)."

6.  In April, 2009, Plaintiff learned that defendant was reporting an alleged delinquent account of $760.55, allegedly held by Defendant. However, at the time of Defendant's reporting, Plaintiff was not responsible for said sum on Defendant's alleged account. Moreover, on information and belief, any applicable Statute of Limitations on Defendant's alleged claim(s) had expired.

7.  In April, 2009 and for some time prior thereto, Plaintiff's credit report was immaculate, having no derogatory remarks, other than that of Defendant. As indicated by Citibank's representatives (Plaintiff's potential creditor), Defendant's false or otherwise negligent, derogatory reporting was the sole cause of Plaintiff's denial of credit.

8.  Moreover, on information and belief, Defendant did not provide Plaintiff with the proper 30-day validation notice of the debt, nor verification thereof as required of it by the Fair Debt Collection Practices Act.

9.  In April, 2009, once Plaintiff learned of Defendant's false reporting of the delinquent account, Plaintiff contacted Defendant in an effort to obtain a deletion of Defendant's tradeline from his credit report. Upon Plaintiff's demand of proof of defendant's alleged debt, Defendant requested Plaintiff pay approximately one-third (33.3%) to wipe the debt away. However, Defendant refused to provide proof or delete the tradeline from the credit report.

10. On information and belief, Defendant continues its false and derogatory remark on Plaintiff's credit report, which it continues to damage through the present.

## COUNT ONE – FAIR CREDIT REPORTING ACT

11. Plaintiff restates, realleges and incorporates by reference the foregoing paragraphs as if specifically alleged in this Count.

12. This Count is alleged against Defendant under the Fair Credit Reporting Act ("FCRA") §1681s-2, et seq.

13. Plaintiff is a "consumer" within the meaning of 15 U.S.C. §1681a(c);

14. Defendant's violations of the FCRA include, but are not limited to, the following:

   a) Knowingly furnishing inaccurate information to credit reporting agencies regarding Plaintiff's account in violation of 15 U.S.C. §1681s-2(a)(1)(A);

   b) Consciously avoiding knowing inaccurate information was being reported to a credit reporting agency in violation of §1681s-2(a)(1)(A);

   c) Reporting inaccurate information to credit reporting agencies regarding Plaintiff after having been notified of such inaccuracy in violation of §1681s-2(a)(1)(B);

   d) Failing to promptly notify and provide the credit reporting agencies of corrected information regarding Plaintiff's account in violation of §1681s-2(a)(2);

   e) Failing to promptly notify the credit reporting agencies that information of Plaintiff's credit report was disputed in violation of §1681s-2(a)(3);

   f) Failing to conduct an investigation with respect to disputed information in violation of §1681s-2(b)(1)(A);

   g) Failing to review all relevant information provided by a credit reporting agency pursuant to §1681i(a)(2) in violation of §1681s-2(b)(1)(B);

3

    h) Failing to report the results of an investigation to a credit reporting agency in violation of §1681s-2(b)(1)(C);

    i) Failing to report inaccurate information to all credit reporting agencies in violation of §1681s-2(b)(1)(D);

15. As a result of Defendants' willful violations of the FCRA, pursuant to 15 U.S.C. §1681n, Plaintiff is entitled to an award of statutory, and punitive damages, as well as costs and attorney's fees.

## COUNT TWO -- FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff restates, realleges and incorporates by reference the foregoing paragraphs as if specifically alleged in this Count.

17. Plaintiff is a "consumer" within the meaning of 15 U.S.C. §1692a;

18. Defendant is a "debt collector" within the meaning of 15 U.S.C. §1692a;

19. The alleged debt is a "consumer debt" within the meaning of 15 U.S.C. §1692a;

20. Defendants' violation of the FDCPA include, but are not limited to, the following:

    a) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8) and e(10);

    b) Using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692f.

    c) Collecting or attempting to collect an amount (including interest, fee, charge or expense incidental to the principal obligation) where such

4

amount is not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. 1692f(1);

d) Using false, deceptive, or misleading misrepresentations or means in connection with the collection of a debt, in violation of 15 U.S.C. §1692e;

e) Threatening to take action that cannot legally be taken or is not intended to be taken in violation of 15 U.S.C. §1692e(4), e(5) and e(10);

f) Using false representations or deceptive means to collect a debt or obtain information concerning a consumer in violation of 15 U.S.C. 1692e(10);

g) Failing to include a validation notice in an initial communication to the alleged debtor or within five days thereof violating 15 U.S.C. 1692g(a) and e(10);

21. As a result of defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a), plaintiff is entitled to an award of actual, statutory damages, costs and attorney's fees.

## COUNT THREE—NEW YORK DECEPTIVE PRACTICES ACT

22. Plaintiff restates, realleges and incorporates by reference the foregoing paragraphs as if specifically alleged in this Count. This Count is alleged against defendant Capital One.

23. This Cause of Action is asserted for plaintiffs' damages as a result of the defendant's deceptive business practices in violation of New York's General Business Law Art. 22, §349 (the "Deceptive Practices Act").

24. In the course of the within transaction, Defendant committed and/or engaged in one or more of the following acts or conduct and/or made the following misrepresentations:

a) Attempting to induce payment from a consumer of an amount(s) that were not owed;

      b)    Attempting to collect a debt beyond the applicable Statute of Limitations;

      c)    Threatening to continue derogatory reporting on a consumer's report unless the consumer paid the amounts demanded though not owed;

25. All of the above misrepresentations, acts and/or conduct by Defendant involved material elements of the transaction between the parties and were unfair, illegal, false, deceptive and/or misleading.

26. Additionally, such representations were likely to, and in fact did, harm, deceive or mislead the plaintiff who was acting reasonably.

27. The conduct and actions described herein are directed at the general public and have a broad impact on consumers of credit at large and are not isolated or unique to this transaction between the parties.

28. The aforementioned conduct constitutes deceptive business practices, in violation of General Business Law Art. 22-A, §349. As a result of the defendant's breach, the plaintiff has sustained damages for which she is entitled to recover.

29. Plaintiff is entitled to recover costs and attorney's fees from the defendant pursuant to GBL §349(h) and GOL §5-327.

WHEREFORE, Plaintiff Jeffrey Benjamin requests judgment be entered in his favor against Defendant for:

    A.    Actual Damages;

    B.    Statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A) and 15 USC 1692(a);

C.  Injunctive relief enjoining Defendant to immediately communicate to all Credit Reporting Agencies to permanently delete the Defendant's tradeline;

C.  Punitive damages as determined by the Court pursuant to 15 U.S.C. §1681n(a)(2);

D.  Costs and reasonable attorneys' fees; and

E.  For such other relief as the Court may find just and proper.

Dated: January 11, 2010
Forest Hills, New York

_____
Jeffrey Benjamin
118-21 Queens Blvd., Suite 509
Forest Hills, NY 11375
(718) 263-1111
(718) 425-0692 (fax)

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

_____
Jeffrey Benjamin, Esq.